UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:25-cv-00050 |
| | ) |
| $97,942.00 UNITED STATES CURRENCY, | ) |
| AND 21 FIREARMS | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| SHAWN GIBSON | ) |
| YENDY GONZALEZ | ) |
| | ) |
| Claimants. | ) |

## **VERIFIED COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and Kelly Rota, Assistant United States Attorney, files its Complaint of Forfeiture in Rem pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), and alleges on information and belief as follows:

## **NATURE OF THE ACTION**

1.      The United States of America has commenced this action pursuant to the civil forfeiture provisions of Title 21 United States Code, Section 881 and Title 18 United States Code, Section 981(a), seeking forfeiture of the Defendant Property based on violations of 21 U.S.C. § 801 *et seq*.  The Defendant Property is subject to forfeiture pursuant to Title 21 United States Code, Section 881(a)(6)  as moneys furnished or intended to be furnished by any person in exchange for

1

a controlled substance or listed chemicals in violation of this subchapter, all proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate any violation of this subchapter; and pursuant to 21 U.S.C. § 881(a)(11) as firearms used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil action commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3.    This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b) (forfeiture can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4.    This Court is the appropriate venue in this matter pursuant to 21 U.S.C § 888 (j) and 28 U.S.C. § 1395, in that the forfeiture accrued in the Southern District of Indiana, and the Defendant Property is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANTS *IN REM*

5.    The Defendants (hereinafter the Defendant Property) are:

- Ninety-seven thousand, nine hundred and forty-two dollars in United States Currency ($97,942.00, or Defendant Property) (Asset Identification Number 24-FBI-006209) seized July 17, 2024, in Henryville, Indiana., and

- 21 firearms seized July 17, 2024, in Henryville, Indiana:

2

- o Master Piece Arms, pistol, caliber: 9, SN:FX23388
- o Glock, Model 23, pistol, caliber: 40, SN:AFTF739
- o Glock, pistol, SN:BUGZ728
- o Shadow Systems, Model MR920, pistol, caliber: 9, SN:24546
- o HK, Model VP9, pistol, caliber: 9, SN:224-178924
- o Sig Sauer, Model P320, pistol, caliber: 9, SN:58J133096
- o Shadow Systems, Model MR920, pistol, caliber: 9, SN:SSC024773
- o Taurus, Model Raging Hunter, revolver, caliber: 44 mag, SN:ACD777827
- o Glock, Model 43, pistol, caliber: 9, SN:AHFK251
- o FN, Model FiveSeven, pistol, caliber: 5.7x28, SN:386382446
- o Glock, Model 17C, pistol, caliber: 9, SN:CBT271
- o Ruger, Model Security-Six, revolver, caliber: .357 mag, SN:154-71931
- o Thompson, Model 1927-AI, rifle, caliber: .45, SN:KJ3957
- o Taurus, Model Mod 62, rifle, caliber: .22, SN:TA7155
- o Mosin Nagant, Model M91, rifle, SN:C1163
- o Sig Sauer, Model SIGMO400, rifle, caliber: 5.56, SN:20J007870
- o Remington, Model 783, rifle, caliber: .306, SN:RA93879B
- o Huntgroup Arms, Model Pro Series Pump, shotgun, caliber: 12ga, SN:20PA13760
- o Romarm, Model Mini Draco, rifle, caliber: 7.62, SN:PF38612020ROA
- o Romarm, Model Mini Draco, rifle, caliber: 7.62, SN:ROA21PMD24885
- o Century Arms, Model RAS47, rifle, caliber: 7.62, SN:RAS47098386

## FACTS

6.      Except as otherwise noted, the following facts and information were discovered through the investigation and observations of Special Agent Ronald Hornback (SA Hornback"), a Special Agent with the Federal Bureau of Investigations ("FBI"), and the officers and agents who work with SA Hornback on this investigation.

7.      On July 17, 2024, Clarksville Police Department (CPD) in Clarksville, Indiana received information about an ongoing drug-trafficking investigation involving Shawn Gibson (Gibson) from the United States Drug Enforcement Administration (DEA). Through conducting surveillance, the DEA learned that a vehicle, a black Ford Econoline Van with Indiana license plate # 371CPW was associated with Shawn Gibson.

8.      Working with Clark County Sheriff's Department (CCSO), CPD located the van at 429 Lakeridge Road, Henryville, Indiana.  The CCSO was familiar with Gibson from previous

criminal investigations involving drug trafficking and firearms possession.

9.      Later that evening, the van was seen leaving 429 Lakeridge Road, Henryville, Indiana.  CCSO Deputy Sean O'Sullivan stopped the vehicle on Interstate 65 southbound near mile marker 6 in Clark County, Indiana for a traffic infraction. Gibson was the driver and sole occupant of the van.

10.     While speaking with Gibson, Deputy O'Sullivan noticed a strong odor of marijuana inside the vehicle. O'Sullivan also observed in plain view a small tray at Gibson's feet that contained a green leafy substance, a marijuana grinder, and a package of rolling papers.

11.     Deputy O'Sullivan called for assistance and CPD Patrolman Jaleel Muhammed, CCSO Detective Nicholas Cappola, and CPD Detective Tyler Ash arrived at the scene.

12.     Officers then conducted a search of the van and located a blue duffle bag behind the driver's seat that contained three vacuum-sealed bags of marijuana, weighing approximately one pound each. (See Exhibit 1, Photograph of marijuana in blue duffle bag, seized July 17, 2024.)  Also located in the center console was a one-ounce glass container labeled "Pure Michigan," which consisted of a wax-like substance believed to be THC wax.

13.     Gibson was arrested and booked into the Clark County Jail on charges of Dealing in a Schedule I Controlled Substance, Possession of a Controlled Substance, Dealing in Marijuana, Possession of Marijuana, Maintaining a Common Nuisance, Possession of Paraphernalia, and Dealing in Marijuana with a prior conviction. Those charges remain pending in Clark County Circuit Court under Cause Number 10-C02-2407-F6-000730. The case is set for trial on May 13, 2025.

14.     As part of the ongoing investigation into drug trafficking, CCSO Detective Cappola applied for a search warrant for Gibson's residence at 429 Lake Ridge Drive,

Henryville, Indiana. The warrant was signed by a Clark Circuit Court Judge on July 17, 2024.

15.     On July 17, 2024, officers executed the search warrant at 429 Lake Ridge Drive,

Henryville, Indiana. Present at the residence was Gibson's girlfriend, Yendy Gonzalez

(Gonzalez), and three young children.

16.     Law enforcement immediately detected the odor of marijuana once inside the

residence, which is a split, bi-level residence, with an unfinished lower level.

17.     CPD Detective Joel Demoss advised Gonzalez of her Miranda rights, and she

stated that she understood her rights and would speak to law enforcement.  When asked by

officers about the marijuana odor, Gonzalez stated that there was no marijuana in the home, but

also said that Gibson smokes marijuana.

18.     Law enforcement searched the lower level of the residence and located a safe.

Inside the safe, officers located $93,011.00 cash that was stacked and rubber banded, along with

marijuana and jewelry. Officers also located two bags of psilocybin mushrooms (approximate

weight 1.58 pounds) and a plastic bag of marijuana (approximate weight 1.21 pounds) inside the

safe. (See Exhibit 2, Photograph of contents of safe.)

19.     When asked about its contents, Gonzalez gave conflicting information about the

money and the source of the money. Gonzalez also denied knowledge of any of the drug

paraphernalia that was located in the lower level of the residence, including a large plastic tote

filled with THC products and a cabinet that contained several containers of THC wax.  These

were located in close proximity to the safe. (See Exhibit 3, Photograph of tote.)

20.     Marijuana and psilocybin mushrooms also were located on a shelf near the safe.

(See Exhibit 4, Photograph of psilocybin mushrooms and marijuana.)

21.     Also located in the lower level near the safe was other indicia of drug trafficking,

including: a money counter, a vacuum sealer, packaging, approximately 15.4 pounds of THC wax, approximately 14.6 pounds of THC vape pens, approximately 74.4 pounds of THC gummies, and 26.8 pounds of "Alien Brainz" THC products.

22.     Law enforcement also located firearms, ammunition, magazines, and ammunition boxes in various totes and packages on the lower level of the residence.  (*See* Exhibit 5, Photographs of firearms seized.)

23.     On the upper level of the residence in the master bedroom, law enforcement located $4,619.00 cash, in rubber-banded stack, was located in a drawer. (*See* Exhibit 6, Photograph of money is drawer.) Also located inside this bedroom were several firearms: Two were on top of a dresser; others were underneath the mattress; and one handgun with a loaded drum magazine was located inside of the master bedroom closet. THC product and marijuana also were located in this bedroom. (*See* Exhibit 7, Photographs of firearms and THC product.

24.     In the kitchen, law enforcement located cash alongside a tray containing marijuana, as well as a baggie of marijuana, a large plastic bag of marijuana (approximate 1.4 pounds), a THC vape pen in packaging, and psilocybin mushroom products in packaging. (*See* Exhibit 8, Photographs of marijuana and mushrooms in kitchen).

25.     Approximately 9.6 pounds of THC vape pens were located in a child's bedroom along with a digital scale.

26.     The firearms, controlled substances, currency and paraphernalia seized was transported to the Clark County Sheriff's Office in Jeffersonville, Indiana. (See Exhibit 9, photograph of all items seized.)

27.      A review of Gibson's criminal record revealed prior arrests on drug-related charges.

28.     FBI Special Agent Ronald Hornback (SA Hornback) was contacted during the search and joined law enforcement there. SA Hornback is assigned to the Safe Streets Violent Crime Task Force (SSVCTF), which is comprised of federal agents and local law enforcement departments who collectively work to combat crime throughout the United States.

29.      SA Hornback interviewed Gonzalez.  She said Gibson is the father to her children. She told SA Hornback that she is unemployed but earns $15,000.00 per year babysitting and baking.  Gonzalez further admitted that she was aware that Gibson is a felon.

30.     Gonzalez provided other information about the sources of the money to SA Hornback. She said roughly $59,000 was obtained from lawsuits and an accident settlement. However, she was unable to provide any documentation to support her assertions.?

31.     Suspecting that the money was proceeds of a violation of federal controlled substance law, Title 21, United States Code, Section 841 et seq., the money was seized by FBI pursuant to Title 21, United States Code, Section 881.  Suspecting the firearms were used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, they were seized by local law enforcement.

32.     SA Hornback conducted further investigation, which revealed that Gibson's last reported yearly income was $935.30 in 2015 and that Gonzalez's last reported income was $1,265.47 in 2021.

33.     Further, SA Hornback reviewed a portion of the forensic extraction report for Gibson's cellular phone, which was retrieved at the scene.  Data on the cell phone revealed numerous photos - appearing to be dated between May 2022 and May 2024. The photos contain suspected marijuana and drug paraphernalia. Additional photos show bundled/banded stacks of cash held by Gibson, Gonzalez, and a child believed to be their son.  (*See* Exhibit 10,

Photographs from Gibson's cell phone).

34.     Further investigation revealed that Gibson was arrested in Kentucky just three months after this seizure on October 24, 2024, on drug-trafficking charges.

35.     The Clark County Circuit Court issued an order transferring the seized Defendant Property to the FBI on July 23, 2024. The 21 firearms seized remain in the custody of local law enforcement.

36.     The FBI initiated administrative forfeiture proceedings for the Defendant Property pursuant to Title 21, U.S.C., Section 881. All known interested parties were provided written notice of intent to forfeit as required by 18 U.S.C. 983(a)(1)(A).

37.     On September 25, 2024, FBI received claims from Shawn Gibson and Yendy Gonzalez. Shawn Gibson claimed $48,704.00 and Yendy Gonzalez claimed $49,238.00 of the $97,942.00 seized.

38.     Upon filing of these claims, the FBI forwarded the claims to the United States Attorney's Office.

**PERTINENT STATUES**

39.     Pursuant to 21 U.S.C. § 841 (a)(1), it shall be unlawful for any person to knowingly or intentionally to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.

40.     Pursuant to 21 U.S.C. § 881 (a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substance Act, including 21 U.S.C. § 841 (a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.

8

41.     Pursuant to 21 U.S.C. § 881 (a)(6), the Defendant Property currency is subject to forfeiture because it constitutes: (1) money, furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act, 21 U.S.C. § 841 and 846; (2) proceeds traceable to such an exchange; and (3) money intended to be used to facilitate any violation of the Controlled Substances Act.

42.     Pursuant to 21 U.S.C. § 881(a)(11), the firearms are subject to forfeiture as they constitute firearms used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances.

43.     Pursuant to Title 21 United States Code, Section 812(c)(10) is a Schedule 1 Controlled Substance.

44.     Pursuant to Title 21 United States Code, Section 812(c)(15), psilocybin is a Schedule 1 Controlled Substance.

## CLAIM FOR RELIEF

45.     Based on the factual allegation set forth above, the Defendant Property is: "moneys…furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys…used or intended to be used to facilitate any violations of the Controlled Substance Act, 21 U.S.C. § 841 and 846. Consequently, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881 (a)(6).

46.     Based on the factual allegations set forth above, the Defendant Property is: "firearms used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances." Consequently, the Defendant Property is forfeitable to the United States pursuant 21 U.S.C. § 881 (a)(11).

WHEREFORE, the United States respectfully prays that:

1.     A warrant for the arrest of the Defendant Property – currency and firearms- be issued;

2.     Due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

3.     Judgment be entered declaring the Defendant Property be condemned and forfeited to the United States of America for disposition according to law; and

4.     The United States be granted such other and further relief as this Court may deem just and proper.


Respectfully submitted this 21[th] day of March, 2025.


                                        JOHN E. CHILDRESS
                                        Acting United States Attorney


                         By:    *s/Kelly Rota*_____
                                Kelly Rota
                                Assistant United States Attorney
                                Office of the United States Attorney
                                10 W Market St., Suite 2100
                                Indianapolis, IN 46204-3048
                                Telephone: (317) 226-6333
                                Fax: (317) 226-5027

## **VERIFICATION**

I declare under penalty of perjury that the factual information contained in the foregoing

Complaint is true and correct according to the best of my knowledge, information, and belief.

Executed on the 21st day of March, 2025.

*ROnald A. Hornback*
_____
Special Agent Ronald Hornback
Federal Bureau of Investigation

# EXHIBITS

EXHIBIT 1



EXHIBIT 2



3

EXHIBIT 3



EXHIBIT 4



EXHIBIT 5





EXHIBIT 6



EXHIBIT 7







18

EXHIBIT 8

 

 

EXHIBIT 9



EXHIBIT 10

| Details | Events (0) |
| --- | --- |



Save

| | |
| --- | --- |
| Name: | 5005.JPG |
| Type: | Images |
| Size (bytes): | 55040 |
| Path: | fs-partial-afu.zip/private/var/mobile/Media/ PhotoData/Thumbnails/V2/PhotoData/ CPLAssets/group216/0EC3386E-21FA-401B-B0F7-87EA46264448.HEIC/5005.JPG |
| Created: | 5/5/2022 6:27:54 AM(UTC+0) |
| Accessed: | 5/5/2022 6:27:54 AM(UTC+0) |
| Modified: | 5/5/2022 6:27:54 AM(UTC+0) |
| Changed: | |
| Deleted: | |
| Extraction: | Legacy |
| MD5: | 82a8fae28e1e0ba7856886f9bdc |
| Source file: | 5005.JPG |

**Metadata**

| | |
| --- | --- |
| Pixel resolution: | 360x480 |

| Details | Events (0) |
| --- | --- |



Save

| | |
| --- | --- |
| Name: | 5005.JPG |
| Type: | Images |
| Size (bytes): | 46299 |
| Path: | fs-partial-afu.zip/private/var/mobile/Media/ PhotoData/Thumbnails/V2/PhotoData/ CPLAssets/group73/36EF1D37-FDD4-41ED-BE1A-5009A119D09B.HEIC/5005.JPG |
| Created: | 5/5/2022 5:59:52 AM(UTC+0) |
| Accessed: | 5/5/2022 5:59:52 AM(UTC+0) |
| Modified: | 5/5/2022 5:59:52 AM(UTC+0) |
| | Legacy |
| | 57c1333de4517501ba9af50428ffe101 |
| | 5005.JPG |

360x480

| Details | Events (0) |
| --- | --- |



Save

| | |
| --- | --- |
| Name: | cplAcPljWvtH0GYawyzwXXX6qW06wnx.heic |
| Type: | Images |
| Size (bytes): | 2696123 |
| Path: | fs-partial-afu.zip/private/var/mobile/Media/ PhotoData/CPL/storage/filecache/AcP/ cplAcPljWvtH0GYawyzwXXX6qW06wnx.heic |
| Created: | 7/10/2024 3:34:33 PM(UTC+0) |
| Accessed: | 7/10/2024 3:34:33 PM(UTC+0) |
| Modified: | 7/10/2024 3:34:33 PM(UTC+0) |
| Changed: | |
| Deleted: | |
| Extraction: | Legacy |
| MD5: | 5f5f4b14ec575d57b02785b70f8d2dd6 |
| Source file: | cplAcPljWvtH0GYawyzwXXX6qW06wnx.heic |

**Metadata**

| | |
| --- | --- |
| Camera Make: | Apple |
| Camera Model: | iPhone 12 Pro |

11